| | |
|---|---|
| LAW OFFICES OF ALLEN A. KOLBER, ESQ. | Hearing Date: November 6, 2019 |
| Attorneys for Debtor | Hearing Time: 10:00 a.m. |
| 134 Rt. 59, Suite A | |
| Suffern, NY 10901 | |
| (845) 918-1277 | |
| Allen A. Kolber, Esq. (AK0243) | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
──────────────────────────────────x

In Re:                                             Chapter 13

**PAULETTE FRANCESE,**                             Case No. 19-23205(shl)

                    **Debtor.**
──────────────────────────────────x

**NOTICE OF HEARING ON A MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND PERMISSIVE ABSTENTION RELATING TO APPEAL OF** *FEDERAL NATIONAL MORTGAGE ASSOCIATION, PLAINTIFF/RESPONDENT V. PAULETTE FRANCESE, ET AL., DEFENDANTS/APPELLANTS* **PENDING IN THE NEW YORK SUPREME COURT, APPELLATE DIVISION SECOND DEPARTMENT APPEAL DOCKET NO. 2019-7103**

**S I R S:**

**PLEASE TAKE NOTICE** that the upon the annexed Affidavit of Debtor PAULETTE FRANCESE, and her attorney, Allen A. Kolber, Esq., and all Exhibits therein, seeking the entry of an Order pursuant to 28 U.S.C. §§ 1334(c) and 1452(b) and Federal Rule of Bankruptcy Procedure 5011 ("Bankruptcy Rules"), a hearing will be held on **November 6, 2019, at 10:00 a.m.** before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, as follows:

   a.   Granting Debtor relief from the automatic stay pursuant to 11 U.S.C. § 362 to the extent that the Appeal of *Federal National Mortgage Association., Plaintiff/Respondent v. Paulette Francese, et al., Defendants/Appellants* , Appeal Docket No. 2019-7103 pending in the New York Supreme Court, Appellate Division, Second Department can be perfected to decision;

    b.    Granting Debtor relief from the automatic stay pursuant to 11 U.S.C. § 362 to the extent that Defendants/Appellants' Order to Show Cause filed in the New York Supreme Court, Appellate Division, Second Department originally returnable on July 1, 2019 for a stay of the foreclosure sale of the premises known as 96 Gilbert Avenue, Pearl River, New York pursuant to CPLR §2201 and CPLR §5519 pending in the New York Supreme Court, Appellate Division, Second Department can be heard and decided;

    c.    pursuant to 28 U.S.C. § 1334(c) and Bankruptcy Rule 5011(b) abstaining from the determination of hearing the appeal of *Federal National Mortgage Association., Plaintiff/Respondent v. Paulette Francese, et al., Defendants/Appellants* , Appeal Docket No. 2019-7103 pending In the New York Supreme Court, Appellate Division, Second Department;

    d.    For such other and further relief as to this Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief Debtor seeks to obtain must be in writing, conform to the requirements of the Bankruptcy code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served no later than three (3) business days prior to the hearing date ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-182, any objection filed by parties with representation shall be filed on or before the objection Deadline (i) through the Bankruptcy Court's Electronic Filing System which may be accessed at the Bankruptcy Court's internet web at http://www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion.

**PLEASE TAKE FURTHER NOTICE** that any party that is either without legal representation, or that is unable to file documents electronically or create documents in PDF

2

format, shall file its objection on or before the objection Deadline in either Word, WordPerfect or DOS text (ASCII) format on 3-1/2" floppy diskette in an envelope clearly marked with the case name, case number, type and title of document, document number of the document to which the objection refers and the file name of the documents.

**PLEASE TAKE FURTHER NOTICE** that a "hard copy" of any objections must be hand delivered to the Chambers of the Honorable Sean H. Lane at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601 on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, must be served in accordance with the provisions of General Order M-182 so that they are received on or before the Objection Deadline by the Law Offices of Allen A. Kolber, Esq., 134 Rt. 59, Suffern, New York, 10901.

Dated: Rockland County, New York
August 22, 2019

                                          LAW OFFICES OF ALLEN A. KOLBER, ESQ.

                                          /s/ *Allen A. Kolber*
                                               ALLEN A. KOLBER, ESQ.
                                               Attorney for Debtor PAULETTE FRANCESE
                                               134 Rt. 59
                                               Suffern, NY 10901
                                               (845) 918-1277

TO:    U.S. Trustee's Office
         U.S. Federal Office Building
         201 Varick St., Room 1006
         New York, NY 10014

         Krista M. Preuss. Esq.
         Chapter 13 Trustee
         399 Knollwood Road, Suite 102
         White Plains, NY 10603

Amanie Akarah, Esq.
Stephen Vargas, Esq.
GROSS POLOWY, LLC
Appellate Attorneys for Plaintiff Federal National Mortgage Association
 in State Court Action
1775 Wehrle Drive, Suite 100, Williamsville, NY 14221

Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO, LLP
Attorneys for SN Servicing Corporation
85 Broad Street, Suite 501 New York, NY 10004

Aprilanne Agostino
Clerk of the Court
Appellate Division, Second Department
45 Monroe Place
Brooklyn, New York 11201

ALL PARTIES WHO HAVE FILED A NOTICE OF APPEARANCE IN THIS CASE
AND PARTIES OF INTEREST LISTED ON THE ANNEXED SERVICE LIST

| | |
|---|---|
| LAW OFFICES OF ALLEN A. KOLBER, ESQ. | Hearing Date:  November 6, 2019 |
| Attorneys for Debtor | Hearing Time: 10:00 a.m. |
| 134 Rt. 59, Suite A | |
| Suffern, NY  10901 | |
| (845) 918-1277 | |
| Allen A. Kolber, Esq. (AK0243) | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────x
In Re:                                                    Chapter 13

**PAULETTE FRANCESE,**                 Case No. 19-23205(shl)

                      **Debtor.**
───────────────────────────────x

**APPLICATION TO LIFT THE AUTOMATIC STAY AND FOR PERMISSIVE ABSTENTION**
**RELATING TO APPEAL OF**
*FEDERAL NATIONAL MORTGAGE ASSOCIATION, PLAINTIFF/RESPONDENT V.*
*PAULETTE FRANCESE, ET AL., DEFENDANTS/APPELLANTS*
**PENDING IN THE NEW YORK SUPREME COURT, APPELLATE DIVISION**
<u>**SECOND DEPARTMENT APPEAL DOCKET No. 2019-7103**</u>

**S I R S:**

ALLEN A. KOLBER, in support of Debtor's motion pursuant to 11 U.S.C. § 362 to perfect the Appeal of *Federal National Mortgage Association., Plaintiff/Respondent v. Paulette Francese, et al., Defendants/Appellants* , pending in the New York Supreme Court Appellate Division, Second Department, Docket No. 2019-7103, affirms under the penalties of perjury as follows:

**<u>Background and Jurisdiction</u>**

1.    On April 25, 2019, the Supreme Court, Rockland County denied Defendant/Debtor's Order to Show Cause for an Order, inter alia, to vacate the Order of Reference and Judgment of Foreclosure and Sale and to dismiss the Complaint in its entirety for lack of jurisdiction in the foreclosure action entitled *Federal National Mortgage Association v. Paulette Francese, et al.,* Index No. 000514/2010.

5

2.     On May 20, 2019, Defendant/Debtor filed a Notice of Appeal from the Supreme Court's Order (See Order dated April 25 2019 and Notice of Appeal dated May 14, 2019 annexed here to as Exhibit "A").

3.     On June 23, 2019 Debtor/Defendant filed an emergency Order to Show Cause in the New York Supreme Court Appellate Division, Second Department, Docket No. 2019-7103, to stay a foreclosure sale of her home which was scheduled for June 26, 2019. The Appellate Division, Second Department denied the stay but scheduled a hearing on the motion for July 1, 2019, after the sale was scheduled to take place.

4.     On June 25, 2019, the Debtor filed an e*mergency* voluntary Petition for relief under Chapter 13 of the Bankruptcy Code to stop the foreclosure sale of her home which was scheduled for June 26, 2019.

**Debtor Seeks a Determination that the Automatic Stay does not apply to this Appeal:**

5.     In order to facilitate the perfection of the pending Appeal in the New York Appellate Division, Debtor seeks an Order by the Bankruptcy Court to lift the Automatic Stay, pursuant to 11 U.S.C. § 362 to the extent to allow the determination of the Order to Show Cause and the Appeal and that the New York Supreme Court, Appellate Division, Second Department can proceed to oral argument and decision.

6.     The Appellate Division, Second Department will not proceed with the instant Order to Show Cause and the Appeal unless it receives an Order from the Bankruptcy Court Judge that the Bankruptcy Stay under § 362 has been lifted to permit the prosecution of the Appeal. (See letter from the Appellate Division annexed hereto as Exhibit B).

7.     Therefore, the Appeal cannot go forward, without Bankruptcy Court approval, while the bankruptcy case is open.

**Legal Basis**

6

8. The Court in *In re: 1 Luigi Zucaro, aka Louis Zucaro* Case No. 1-14-41440-nhl, EDNY, Judge Nancy Hershey Lord held as follows:

**"Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(D)**

Courts have broad discretion in granting stay relief. In re Bennett Funding Group, Inc., 212 B.R. 206, 211 (2d Cir. 1997) (citing Manhattan King David Restaurant, Inc. v. Levine, 163 B.R. 36, 40 (S.D.N.Y. 1993). The automatic stay may be modified "for cause" pursuant to 11 U.S.C. § 362(d)(1). The movant bears the initial burden of showing "cause." In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999). If a sufficient showing is made, the burden shifts to the debtor to demonstrate that there is insufficient "cause" to modify the stay. In re Anton, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). Though "cause" is not defined in the Bankruptcy Code, bankruptcy courts and the legislative history note that "[a] desire to permit an action to proceed to completion in another tribunal may provide…cause." Id. at 769 (quoting H.R.Rep. No. 595, 9 Cong., 1st Sess. 343–44 (1977), reprinted in 1978, U.S.Cong. & Admin.News 5787, 6300; S.Rep. 95–989, 95th Cong.2d Sess., 52–3 (1978))

The Second Circuit has adopted a list of twelve factors (the "Sonnax Factors") to determine whether cause exists to lift the automatic stay to allow a stayed proceeding to continue in state court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). They are:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(4) whether the debtor's insurer has assumed full responsibility for defending it;
(5) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.
Id.

A movant need not satisfy every one of the twelve factors. In re Mazzeo, 167 F.3d at 143; In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994). The court should weigh the particular circumstances of each case to reach the solution that is most just to all parties. In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

**Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)**

Permissive abstention is the doctrine that:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). A court may grant permissive abstention in a core or non-core proceeding. *In re Taub,* 417 B.R. 186, 191 (Bankr. E.D.N.Y. 2009). In deciding whether to apply permissive abstention, a bankruptcy court considers:

> '(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.'

*In Re International Tobacco Partners, Ltd.,* 462 B.R. 378, 392 (Bankr. E.D.N.Y. 2011); *In re Horowitz,* No. 09-75567, 2010 WL 814103, at *4 (Bankr. E.D.N.Y. Mar. 1, 2010); *In re Cole,* 382 B.R. 20, 29 (Bankr. E.D.N.Y. 2008); *In re Worldcom Inc. Sec. Litig.,* 293 B.R. 308, 332 (Bankr. S.D.N.Y. 2003). Although these are the factors that are generally considered, a court may utilize any number of factors to determine whether it should abstain. *See e.g. Barbaro v. Wider (In re Wider),* No. 09-72992, 2009 WL 4345411, at *2 (Bankr. E.D.N.Y. Nov. 30, 2009) ('[bankruptcy courts have considered one or more – although not

8

necessarily all – of twelve factors'); *In re Exeter Holding, Ltd.,* No. 11-77954, 2013WL 1084548, at *4 (Bankr. E.D.N.Y. Mar 14, 2013) (finding that permissive abstention is warranted where seven of the twelve factors are present); *In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002) (courts 'have considered one or more (not necessarily all) of twelve factors'). Ultimately, the decision of whether to permissively abstain is within the bankruptcy court's sound discretion. *In re Abir*, No. 09 CV 2871, 2010 WL 1169929, *7 (Bankr. E.D.N.Y. March 22, 2010)."

**Debtor's Facts as they apply to the case law**

9. In the foreclosure action that was pending in the Supreme Court, Rockland County, Debtor moved to dismiss the action because she was never served with process and therefore the court lacked jurisdiction.

10. The Supreme Court denied Debtor's motion despite her sworn affidavit that she was not even home at the time of service but at her mother's house who was ill with cancer.

11. In the event the debtor is successful in her appeal, then the statute of limitations in which to foreclose on the debtor's property will have expired and therefore the mortgage lender will have no secured claim in this bankruptcy case.

12. Allowing the instant Appeal to proceed satisfies the following factors set forth in *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990):

> (6) The resolution of the Appeal would allow the determination whether Debtor's property is secured by a lien or not, and whether US Bank will have any claim in this Bankruptcy case.
> (7) the interests of judicial economy would be served because, without a speedy decision in the Appellate Division, Debtor will not be able to formulate his Chapter 13 Plan.
> (8) The parties are ready to perfect the Appeal in the Appellate Division
> (9) There will only be a delaying impact on all other parties and creditors until the Appeal is decided.

13. The New York State Supreme Court, Appellate Division, is more familiar with the instant appellate issues and is well situated to make a determination in the instant case.

9

**WHEREFORE**, Debtor respectfully requests that the Court lift the Automatic Stay to the extent necessary to conclude the Appeal.

Dated:  Rockland County, New York
August 22, 2019

                           LAW OFFICES OF ALLEN A. KOLBER, ESQ.

/s/ *Allen A. Kolber*
    ALLEN A. KOLBER, ESQ.
    Attorney for Debtor
    134 Rt. 59
    Suffern, NY 10901
    (845) 918-1277

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

PAULETTE FRANCESE,                                                                    **Chapter 13**

                        Debtor.                                                **Case No. 19-23205(shl)**
---------------------------------------------------------------X

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND PERMISSIVE ABSTENTION RELATING TO THE APPEAL OF**
*FEDERAL NATIONAL MORTGAGE ASSOCIATION, PLAINTIFF/RESPONDENT V. PAULETTE FRANCESE, ET AL., DEFENDANTS/APPELLANTS,* **PENDING IN THE NEW YORK SUPREME COURT, APPELLATE DIVISION, SECOND DEPARTMENT APPEAL DOCKET NO. 2019-7103**

      **UPON** the Debtor's Motion filed August 22, 2019 for an Order pursuant to 11 U.S.C. § 362 and 28 U.S.C. §§ 1334(c) and 1452(b), determining that the instant Automatic Stay be lifted to the extent to determine the decision in the Order to Show Cause and appeal of *Federal National Mortgage Association., Plaintiff/Respondent v. Paulette Francese, et al., Defendants/Appellants,* pending in the New York Supreme Court Appellate Division, Second Department, Docket No. 2019-7103; and all parties who have filed a Notice of Appearance in this case having been given due and sufficient notice of the Motion; and upon the record of the hearing on the Motion ; and there being no opposition to the Motion; and after due deliberation, it is hereby

      **ORDERED** that the instant Automatic Stay be lifted to the extent to allow the determination and decision of the Order to Show Cause and to conclude the subject appeal of *Federal National Mortgage Association v. Paulette Francese, et al., Defendants/Appellants*, pending in the New York Supreme Court Appellate Division, Second Department, Docket No. 2019-7103; and it is further

      **ORDERED** that the Motion is granted to the extent set forth herein.

Dated: White Plains, New York
      _____, 2019

                                                                               HON. SEAN H. LANE
                                                                               U.S. Bankruptcy Judge